IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AARON MICHAEL SHAMO,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-CV-727-DAK<br><br>Judge Dale A. Kimball |

        This matter is before the court on Respondent United States' Motion for Order Waiving Attorney-Client Privilege [ECF No. 5]. The motion is fully briefed, and the court does not conclude that oral argument would assist in the determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the parties' briefing and the law and facts relevant to the motion.

        Petitioner Aaron Michael Shamo filed this habeas action under 28 U.S.C. § 2255 to vacate his conviction and sentence, contending in part that his trial and appellate counsel provided ineffective assistance. "When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009). When a Section 2255 petitioner raises claims that are "intertwined" with attorney-client communications,

the privilege is also waived for purposes of adjudicating those claims. *Nikols v. United States*, No. 2:06-cv-889, 2007 WL 2084841, at *2 (D. Utah July 17, 2007). Such a waiver also occurs when a defendant "claims that counsel provided erroneous advice about the consequences of [his] guilty plea." *United States v. Ahmed*, No. 2:16-CR-21, 2017 WL 6271262, at *3 (D. Utah Dec. 8, 2017).

Petitioner submitted a declaration in support of his § 2255 motion describing in detail his communications with trial counsel. Petitioner alleges that his lawyers rejected an initial plea offer without consulting him, falsely assured him he would not receive a life sentence, did not discuss with him their trial strategy, did not advise him on the risks of going to trial, did not explain that he faced a possible mandatory life sentence, and did not prepare him for his trial testimony. Petitioner also alleges that if he had been advised on the realistic risk of conviction on the leader enhancement and its resulting mandatory life sentence, he would have accepted the plea offer.

Petitioner argues in opposition that his § 2255 motion does not rely on his alleged communications with counsel. Rather, he claims that his petition and the trial transcripts are sufficient to establish his counsel's deficient performance. However, he submitted a declaration including allegedly direct quotes from his lawyers and makes assertions that matters were not explained to him. Petitioner's ineffective assistance claim depend on the reasonableness and prejudicial effect of his counsel's advice and strategic choices. By making these allegations, Petitioner has put communications with his counsel in issue and waived the attorney-client privilege. Petitioner provides no authority for denying the United States' request.

Petitioner's opposition to the United States' motion attempts to claim that every problem in his criminal prosecution stemmed from a faulty indictment and, therefore, any statements from counsel are unnecessary. Petitioner claims that the indictment was defective because it stated that Petitioner was "a principal administrator, organizer, supervisor, and leader of the criminal enterprise," while the statute of conviction provides for a life sentence for any person who engages in a continuing criminal enterprise if "such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders."  But an indictment need not "recite the precise language of the statute" so long as it provides fair notice of the charge. *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991). The indictment's use of the article "a" means that multiple people in the criminal enterprise could qualify as a principal organizer or leader and is consistent with the statute of conviction. To the extent that Petitioner attempts to hang all of his claims of alleged deficiencies on his argument about the language of the indictment, he will not succeed on his motion.  His § 2255 motion raises far more grounds for ineffective assistance of counsel than the faulty indictment argument. His motion alleges that his counsel did not read or understand the indictment and the statute of conviction, failed to properly advise him about the plea offer, the likelihood of conviction, and the sentencing consequences of a conviction at trial, and adopted legally futile strategies at trial and on appeal. By putting these matters at issue and making assertions as to what his attorneys did and said to him, Petitioner has waived the attorney-client privilege with respect to those claims.

Although "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings, the waiver must be broad enough for the government to obtain evidence

3

necessary to "disprove" the petitioner's claim. *Pinson*, 584 F.3d at 978.  In *Mower v. United States*, No. 2:08-CV-05, 2008 WL 2223200, at *1 (D. Utah May 27, 2008), the court permitted the government to "seek the evidence necessary from [the petitioner's] trial attorney to defend against [the petitioner's] claims," and it permitted the government to seek testimony from the petitioner's trial counsel at an evidentiary hearing. *Id.*

In this case, Petitioner has waived the attorney-client privilege with respect to the issues raised in Claims 2, 3, and 4 of his § 2255 motion. Accordingly, the court GRANTS Respondent United States' Motion for Order Waiving Attorney-Client Privilege [ECF No. 5].

DATED this 16th day of November 2023.

BY THE COURT:

Dale A. Kimball,
United States District Judge