IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AARON MICHAEL SHAMO,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:23-CV-727-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Petitioner Aaron Michael Shamo's Motion for Discovery in connection with his 28 U.S.C. § 2255 habeas petition and supporting allegation that his trial counsel were ineffective in advising him about a plea offer and defending him at trial. In response to the court's order waiving the attorney-client privilege with respect to Shamo's ineffective assistance of counsel claims, Shamo seeks an order authorizing discovery directing (1) interrogatories to the United States regarding declarations obtained from trial counsel Gregory Skordas and Daryl Sam; (2) release of case/client file by Skordas; and (3) depositions of Rebecca Skordas and Kaytlin Beckett.  The United States opposes the motion.

Petitioners collaterally attacking their federal convictions under 28 U.S.C. § 2255 are "not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings permits a petitioner to take discovery only if the judge grants leave to do so based on a showing of "good cause." To show

good cause, a petitioner must present "specific allegations" that provide a "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999).

The United States argues that Shamo has not established good cause to obtain discovery because he has not demonstrated the prejudice requirement for an ineffective assistance of counsel claim. The United States argues that the weight of the evidence against Shamo on the CCE charge was so substantial that his counsel's actions did not prejudice him. There is no dispute that there was substantial evidence indicating that Shamo was "the" or "one of several" leaders or organizers of the CCE drug enterprise distributing fentanyl. It was obvious during trial that Shamo had no defense to the CCE charge. However, Shamo is not arguing that he was convicted of the CCE charge because of ineffective assistance of counsel. He is arguing that he did not accept plea offers and went to trial based on ineffective assistance of counsel.

Shamo's allegations that he was not properly advised of the clear language of the CCE statute and how that would impact his conviction and sentencing is troubling. The court witnessed evidence of what appeared to be defense counsel's confusion about the CCE charge pretrial and at trial, in particular with respect to jury instructions and defense strategy, and the court does not agree that Shamo's allegations are uncorroborated. Shamo's allegations that his counsel did not properly advise him with respect to (1) the statutory language that he only needed to be one of the leaders or organizers, not the only leader or organizers, (2) the weight of the evidence against him with respect to being a leader or organizer of the CCE, and (3) the mandatory life sentence that would result on that claim given the discovery and evidence in the case demonstrates potential prejudice.

The United States argues that Shamo is not entitled to discovery because he has offered nothing but his own assertion that, but for counsel's allegedly deficient advice, he would have accepted a plea offer, and this is not enough under Tenth Circuit law.  But the case the United States relies on, *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001), states that the court "look[s] to factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Id.* By shutting down discovery surrounding the circumstances surrounding the plea offers and rejections, the United States seeks to deny Shamo and the court of the factual circumstances necessary to make the determination of prejudice.  Discovery on these circumstances is exactly what is necessary under the law.

Throughout the litigation of the criminal case, parties repeatedly referred to the fact that every defendant was given the opportunity to enter a plea before the CCE charge was added to the Indictment, and every defendant except Shamo accepted a plea agreement before the CCE charge was added to the Indictment.  At the pretrial evidentiary hearing on motions in limine and other pretrial objections, counsel referenced a later plea deal that Shamo had also declined.  Therefore, the record is clear that the United States made at least two plea offers to Shamo.  It is unclear to the court whether other plea offers were also made and whether Shamo's present § 2255 counsel is aware of every plea offer that was made.  However, Shamo is entitled to discovery as to the terms of every plea deal offered during the course of the criminal case if this information has not been provided to Shamo by his criminal counsel and/or the United States. He is entitled to obtain such information through interrogatories, document requests, and/or depositions of any prosecuting or defense attorney involved.

At this point in the § 2255 proceedings, Shamo's § 2255 counsel should be aware of every plea offer made to Shamo and/or his defense counsel at every point of the criminal prosecution, the terms of each plea offer, and any advice or communications counsel had with Shamo or his parents related to those plea offers as well as any and all communications defense counsel had with counsel for the United States in connection with the plea offers. Shamo is entitled to any and all information in his client files related in any way to any plea offer from the United States and any counter offers from his own counsel. Shamo is entitled to depose or send interrogatories to any prosecuting or defense attorney involved in those plea negotiations and/or involved in discussing those plea offers with Shamo and/or his parents.

Shamo is correct that no advice on a plea offer could also potentially demonstrate prejudice. However, he had several counsel and there needs to be evidence before the court as to whether any attorney—such as Rebecca Skordas or Kaytlin Beckett—advised Shamo about the plea offers before any actual prejudice could be determined on a lack of advice. Shamo is not fishing for information that could lead to a claim of prejudice. He has already alleged potentially prejudicial conduct. In this context, Shamo is also entitled to depose or send interrogatories to any attorney who was in a position to give him advice on a plea offer but did not.

The court does not find good cause for exploring issues surrounding defense counsel's appointment as CJA counsel after Rebecca Skordas left the firm. The court sees no relevance between the appointments and whether Shamo was prejudiced by the refusal of a plea deal. If § 2255 counsel believes something improper occurred administratively, she should raise it through some other forum.

However, the court finds ample good cause for conducting discovery in relation to Shamo's §2255 petition for ineffective assistance of counsel and orders the parties to conduct discovery on the issues discussed in this Order. The court believes that the most efficient and effective course of action would be for the prosecutors and defense counsel from the criminal case to provide Shamo's § 2255 counsel, within thirty days of the date of this Order, with all documentary evidence, communications, and notes relating to plea offers extended to Shamo, counter offers extended to the United States, Shamo's rejections of such, counsel's communications with each other on such, and defense counsel's communications with Shamo on such. Shamo may then serve interrogatories on any counsel from the criminal case within thirty days, and criminal counsel will have thirty days to answer those interrogatories. Shamo will then have ninety days to conduct any depositions of counsel from the criminal case relating to pleas. The parties may then re-brief the § 2255 petition based on the evidence obtained. Petitioner will have thirty days after the deposition deadline to file an Amended Petition, the United states will have thirty days file an opposition, and Petitioner will then have thirty days to file a reply memorandum in support of the § 2255 petition. After the re-briefing, the court will hold an evidentiary hearing on the § 2255 petition.

DATED this 12th day of June 2024.

BY THE COURT:

Dale A. Kimball,
United States District Judge