IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **AARON MICHAEL SHAMO,**<br><br>            Petitioner,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>            Respondent. | **RULING & ORDER**<br><br>Case No. 2:23-cv-00727<br><br>**District Judge Dale Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

Currently pending before the Court,[1] is Petitioner Aaron Michael Shamo's[2] "Motion for Reconsideration And/Or To Amend and To Make Findings On Petitioner's Motion For Order To Show Cause And Motion For Sanctions Pursuant To Fed. R. Civ. P. 37(b)(2) For Failure To Comply With Court Order."[3] For the reasons stated herein, the Court denies the Motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[4] "Thus, a motion for reconsideration is appropriate where the

---

[1] This matter was referred to the Court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Dale Kimball.[1] *See* ECF No. 36; ECF No. 37.

[2] Referred to as "Petitioner" or "Mr. Shamo".

[3] ECF No. 53, Petitioner's Motion For Reconsideration And/Or To Amend Order And To Make Findings On Petitioner's Motion For Order To Show Cause And Motion For Sanctions Pursuant To Fed. R. Civ. P. 37(b)(2) For Failure To Comply With Court Order ("Motion"). Respondent has not filed a response to the Motion and the time within which to do so has passed. *See* DUCivR 7-1(a)(4)(D).

[4] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

court has misapprehended the facts, a party's position or the controlling law."[5] Nonetheless, motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[6]

Mr. Shamo presents no grounds warranting reconsideration of the Court's Order. He does not cite an intervening change in the law or present new evidence previously unavailable. Further, the Court's decision to deny Petitioner's underlying motion was not in clear error.[7] Mr. Shamo's arguments demonstrate nothing more than his disagreement with the Court's ruling and accordingly his Motion is denied.

DATED this 25 October 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Id.*

[6] *Id.*

[7] ECF No. 35. At the hearing, the Court awarded Petitioner's counsel her attorney fees and costs. The award was based on the Court's determination that attorney Greg Skordas failed to timely respond to Petitioner's discovery requests and thereby necessitated Mr. Shamo filing his Motion. Somewhat surprisingly, Mr. Shamo's counsel "declined the invitation" to submit her attorney fee and cost amounts to the Court for approval, indicating "I won't be filing one, Your Honor. No. There is no reason to do that." (ECF No. 51 at 45:19-22.)